UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ZIAUL RAHMAN JUYA,
    Plaintiff,

vs.                                        Case No.: 3:21cv1826/LAC/EMT

MERRICK B. GARLAND, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, commenced this case on November 1, 2021, by filing a "Petition for a Writ of Mandamus and Complaint for Declaratory Judgment" and paying the filing fee (ECF Nos. 1, 3). On December 10, 2021, the court determined that service of the complaint on Defendants was appropriate (*see* ECF No. 4). The undersigned directed the clerk of court to issue summonses for Defendants and forward them to Plaintiff, and the court advised Plaintiff he was responsible for serving the complaint on Defendants (*id*.). To that end, the undersigned directed Plaintiff's attention to Federal Rule of Civil Procedure 4, explained that Rule 4 governs service of process in federal civil actions, and advised Plaintiff to review the text of Rule 4 and any other relevant rules before attempting to serve Defendants (*id*.).

Plaintiff did not effect service of process within 90 days after the complaint was filed, as required by Rule 4; therefore, on February 8, 2022, the court entered an order directing Plaintiff to show cause why this case should not be dismissed for failure to timely effect service of process (*see* ECF No. 6). The undersigned notified Plaintiff that failure to comply with the show cause order would result in a recommendation of dismissal of the case (*id.* at 2). Although Plaintiff filed a timely response to the order to show cause (ECF No. 7), Plaintiff did not demonstrate he had properly or timely served any Defendant, nor did Plaintiff show cause for his failure to effect service of process. The court therefore did not discharge the show cause order (*id.*). However, because Plaintiff had at least attempted service on one Defendant, albeit improperly, the court provided Plaintiff an additional thirty days within which to show cause for his failure to timely effect service (ECF No. 8, issued February 25, 2022). The court expressly warned Plaintiff that his failure to comply with the order by the deadline would result in a recommendation of dismissal of this case without further notice (*id.* at 4).

The time for compliance with the court's order of February 25, 2022, has elapsed, and Plaintiff has not responded.

Page 3 of 3

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 15th day of April 2022.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**